FILED
2020 Jun-24  PM 03:10
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### MIDDLE DIVISION

| | | |
|---|---|---|
| **ANNETTE CHATMAN,** | ) | |
| | ) | |
| **Claimant,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action No. 4:19-CV-1043-CLS** |
| | ) | |
| **ANDREW SAUL, Commissioner,** | ) | |
| **Social Security Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

Claimant, Annette Chatman, commenced this action on July 3, 2019, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner, affirming the decision of the Administrative Law Judge ("ALJ"), and thereby denying her claim for a period of disability and disability benefits.[1] Claimant subsequently filed, on May 15, 2020, a motion for remand pursuant to sentence four of 42 U.S.C. § 405(g).[2]

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of review is limited to determining whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and whether correct legal standards were applied. *See Lamb v.*

---

[1] Doc. no. 1 (Complaint).
[2] Doc. no. 13 (Motion to Remand Pursuant to Sentence 4).

*Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983).

Claimant contends that the Appeals Council failed to properly consider newly submitted evidence, and that the denial is not supported by substantial evidence when the new evidence is considered.[3] In the motion to remand, claimant argues that a subsequent favorable decision demonstrates that a different outcome would have been reached if the new evidence were properly considered.[4]

Claimant was first found to be disabled on June 14, 2010, with the following medically determinable impairments: "status-post soft tissue sarcoma of the rectum, Cushing's disease, idiopathic urticarial and headaches."[5] Claimant's "status-post soft tissue sarcoma of the rectum" caused her rectal incontinence and bleeding, up to four times a day.[6]

A disability officer then found medical improvement to have occurred as of August 31, 2015.[7] The ALJ affirmed the disability officer's finding of medical improvement in a decision dated July 18, 2018.[8] Specifically, the ALJ found that

---

[3] *See* doc. no. 10 (Brief in Support of Disability), at 1.

[4] *See* doc. no. 13 (Motion to Remand Pursuant to Sentence 4), at 3.

[5] *See* doc. no. 6-3 (Administrative Record), at 32.

[6] *Id.*

[7] *See id.*

[8] *See id.* at 27-39.

there was no medical evidence that any of the impairments present on the date of the comparison point decision remained severe.[9]   A colonoscopy performed after complaints of continued rectal bleeding showed no evidence of a recurrent malignancy.[10]   The ALJ also noted that claimant's Cushing's disease and headaches had resolved, and that her idiopathic urticarial was controlled by medication.[11]   Those conditions, in combination, were found to cause only mild symptoms and limitations.[12]

The ALJ found that since the date of medical improvement, claimant had four new medically determined impairments:  i.e., "status-post left knee replacement, diabetes mellitus type II, asthma and obesity."[13]   However, the ALJ found that claimant's testimony about the "intensity, persistence, and limiting effects" of her symptoms were not consistent with the objective medical evidence.[14]   Based on the objective medical record and consistent medical opinions, the ALJ concluded that claimant was able to perform the full range of light work as defined in 20 C.F.R. § 404.1567(b),[15] and that, "considering the claimant's age, education, and work

---

[9] *See id.* at 33.

[10] *See id.*

[11] *See id.*

[12] *See id.* at 34.

[13] *Id.* at 32.

[14] *Id.* at 36.

[15] *See id.* at 35-37.

experience, a finding of 'not disabled' is directed by Medical-Vocational Rule 202.21 and Rule 202.14."[16]

Claimant then appealed the decision to the Appeals Council, which she asserts did not properly consider her newly submitted evidence.

> When a claimant submits new evidence to the AC [*i.e.*, the Appeals Council], the district court must consider the entire record, *including the evidence submitted to the AC*, to determine whether the denial of benefits was erroneous.  *Ingram* [*v. Commissioner, Social Security Administration*], 496 F.3d [1253,] 1262 [(11th Cir. 2007)].  Remand is appropriate when a district court fails to consider the record as a whole, *including evidence submitted for the first time to the AC*, in determining whether the Commissioner's final decision is supported by substantial evidence.  *Id.* at 1266-67.  The new evidence must relate back to the time period on or before the date of the ALJ's decision.  20 C.F.R. § 404.970(b).

*Smith v. Astrue*, 272 F. App'x 789, 802 (11th Cir. 2008) (alterations and emphasis supplied).  Moreover, new evidence should be considered if there is a reasonable possibility that it would have changed the administrative result.  *Washington v. Social Security Administration, Commissioner*, 806 F.3d 1317, 1321 (11th Cir. 2015).

The new evidence submitted to the Appeals Council consisted of a letter from claimant's treating physician, Dr. Stuart Cohen, M.D., dated March 16, 2017,[17] and a Physical Capacities Evaluation performed by Hayley Entrekin, CRNP, dated August

---

[16] *Id.* at 39.

[17] *See id.* at 8.

4

22, 2018.[18] Dr. Cohen's letter emphasized that claimant was still suffering from the

chronic rectal incontinence, stating:

> [A major] concern for [claimant] relative to her employment is her chronic persistent incontinence of feces she is [*sic*] a direct result from past rectal surgery for a malignancy.
>
> Unfortunately, there is no further care that can be provided to rectify this problem. She does continue to have soiling accidents daily. For this reason, meaningful and appointment [*sic*] would be quite difficult given the known likelihood of rectal incontinence on the job.

Doc. no. 6-3 (Administrative Record), at 8.

Entrekin's Physical Capacities Evaluation stated that claimant: could not sit

for more than two hours a day; nor stand for more than one hour; and could only lift

or carry up to five pounds occasionally.[19] The Evaluation also stated claimant could

never stoop, crouch, kneel, crawl, climb, nor balance.[20] Additionally, Entrekin

evaluated claimant's pain levels, and stated that she had pain at a level that was

virtually incapacitating, totally restrictive to her ability to work, and required bed rest

and medication.[21]

The Appeals Council declined to review based on the foregoing evidence,

because it did "not show a reasonable probability that it would change the outcome

---

[18] *See id.* at 10-12.

[19] *See id.* at 10.

[20] *Id.*

[21] *Id.* at 11.

of the decision."[22]

As an initial matter, the Appeals Council adequately explained its reasons for not giving weight to the new evidence.  Contrary to claimant's assertion, the Appeals Council is not required to explain its denial in detail.  *See Mitchell v. Commissioner, Social Security Administration*, 771 F.3d 780, 783 (11th Cir. 2014) (No precedent "requires the Appeals Council to provide a detailed discussion of a claimant's new evidence when denying a request for review.").

Even so, the letter the Appeals Council received from Dr. Cohen should not have been deemed "new evidence."  That letter is dated March 16, 2017, over a year before the July 18, 2018 decision by the ALJ.  The record contains Dr. Cohen's treatment notes from claimant's visit on the same date, which discusses claimant's continued significant rectal incontinence,[23] but does not contain the letter.  The ALJ has a "basic obligation to develop a full and fair record," an obligation which only increases when the claimant is not represented by counsel in the proceeding before the ALJ, as was the case here.  *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981).  The absence of this letter from the record indicates the ALJ's obligation may not have been met.

---

[22] *See id.* at 2.

[23] *See* doc. no. 6-28 (Administrative Record), at 1473 (Dr. Cohen's Mar. 16, 2017 Treatment Notes stating, "She continues to suffer from significant rectal incontinence.  This is a limiting factor for her obtaining employment.  This is secondary to her resection of a rectal mass in the past.").

Additionally, Dr. Cohen's treatment notes from the date of his letter specifically state that claimant continues to suffer from significant rectal incontinence. The ALJ clearly reviewed that treatment note because he discusses claimant's change in diabetes medication in March 2017 as noted during her visit to Dr. Cohen, but he ignored Dr. Cohen's statement about claimant's continued rectal incontinence.[24]

The opinion of a treating physician "must be given substantial or considerable weight unless 'good cause' is shown to the contrary." *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004) (internal citations omitted). Good cause exists when "(1) [the] treating physician's opinion was not bolstered by the evidence; (2) [the] evidence supported a contrary finding; or (3) [the] treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id.* (alterations supplied). The ALJ appears to have given great weight to claimant's medical records. However, in relation to the claim of rectal bleeding, the ALJ only discussed the results of claimant's October 2014 colonoscopy, which found mild proctitis.[25] The ALJ downplayed those results, but according to the February 2015 treatment notes the ALJ also referenced, mild proctitis is known to cause rectal bleeding.[26] The ALJ's

---

[24] *See* doc. no. 6-3 (Administrative Record), at 37.

[25] *See* doc. no. 6-9 (Administrative Record), at 358-62 (noting colonoscopy performed due to continued rectal bleeding showed mild proctitis and mild pathcy erythema in the rectum).

[26] *See* doc. no. 6-10 (Administrative Record), at 400 ("She continues to have some rectal

7

opinion asserted that the medical evidence did not support claimant's testimony as to the severity of this particular condition.  However, without reference to the treatment notes that agree with claimant, it cannot be clear that the ALJ thoroughly evaluated the evidence.

On this appeal, the Commissioner argues that Dr. Cohen's treatment reports lack support for his opinion that claimant's rectal incontinence is still disabling.  This argument ignores the multiple mentions of claimant's rectal incontinence.[27]  It also ignores the fact that the majority of claimant's doctor's visits immediately before and after the August 31, 2015 finding were regarding her knee pain and subsequent surgeries.[28]  The fact that claimant's chronic issue of rectal incontinence took a backseat to that new, severely painful issue, is unremarkable.

If Dr. Cohen's letter is given the weight appropriately afforded to a treating

---

bleeding most consistent with radiation proctitis.").

[27] *See id.* (Dr. Cohen's Feb. 17, 2015 Treatment Notes, noting continued rectal bleeding); *see also, e.g.*, *id.* at 425 (Dr. Cohen's Dec. 17, 2013 Treatment Notes stating "[s]he continues to have some occasional bleeding per rectum") (alteration supplied); doc. no. 6-11 (Administrative Record), at 541 (Dr. Cohen's Mar. 2, 2016 Treatment Notes noting "Full incontinence of feces" under Impression and Plan Diagnosis"); doc. no. 6-9 (Administrative Record), at 358-62 (Oct. 8, 2014 Colonoscopy Results, performed due to continued rectal bleeding, showing mild proctitis, a cause of rectal bleeding).

[28] *See, e.g.*, doc. no. 6-10 (Administrative Record), at 400 (Dr. Cohen's Feb. 17, 2015 Treatment Notes, discussing claimant's recent knee surgery and continued left knee pain), *id.* at 417 (Feb. 19, 2014 Treatment Notes, noting left knee pain and swelling started approximately six weeks before); doc. no. 6-11 (Administrative Record), at 509 (Dr. Cohen's Aug. 28, 2015 Treatment Notes, discussing continued left knee pain and swelling); doc. no. 6-27 (Administrative Record), at 1419-20 (Operative Report for claimant's Nov. 14, 2016 total left knee arthroplasty).

physician's opinion, the medical evidence appears to be substantially the same as it was at the time of the comparison point decision, and this case is due to be remanded to the ALJ for examination of the new evidence. *See Simpson v. Schweiker*, 691 F.2d 966, 969 (11th Cir. 1982) ("[I]f . . . the evidence in a continuation case is substantially the same as the evidence has been in the initial disability benefits request case, benefits must be continued.").

Claimant also has moved to remand pursuant to sentence four of 42 U.S.C. § 405(g), and, with that motion, submitted a fully favorable decision she has obtained since the filing of this appeal. However, the court will not consider that decision as new evidence because "a later favorable decision is not evidence for § 405(g) purposes." *Hunter v. Social Security Administration, Commissioner*, 808 F.3d 818, 822 (11th Cir. 2015). Additionally, that decision cannot be considered because "a reviewing court is limited to the certified administrative record in examining the evidence." *Caulder v. Bowen*, 791 F.2d 872, 876 (11th Cir. 1986).

In accordance with the foregoing, remand is warranted for the ALJ to further consider the new evidence provided, to state the weight afforded to Dr. Cohen's opinion, and to conduct any further proceedings deemed appropriate. The decision of the Commissioner is REVERSED, and this action is REMANDED to the Commissioner of the Social Security Administration for further proceedings

9

consistent with this memorandum opinion and order.

The Clerk of Court is directed to close this file.

**DONE** and **ORDERED** this 24th day of June, 2020.

_____
Senior United States District Judge